UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GRAHAM BRODY GOOD SHIELD,<br><br>Defendant. | 5:24-CR-50062-KES<br><br>REPORT AND RECOMMENDATION |
|---|---|

This matter came before the court for a change of plea hearing on July 12, 2024. The Defendant, Graham Brody Good Shield, appeared in person and by his counsel, the Assistant Federal Public Defender, while the United States appeared by its Assistant United States Attorney.

The defendant consented in open court to the change of plea before a United States magistrate judge. This court finds that the defendant's consent was voluntary and upon the advice of counsel. The government also consented to the plea hearing before a magistrate judge. Further, the parties waived their right to object to the report and recommendation.

Defendant has reached a plea agreement wherein he intends to plead guilty to the Indictment which charges him with Failure to Register as a Sex Offender, in violation of 18 U.S.C. § 2250(a). At the hearing, the defendant was advised of the nature of the charges to which the defendant would plead guilty and the maximum penalties applicable, specifically: 10 years in prison; a $250,000 fine; or both; and

a minimum term of 5 years up to lifetime supervised release. If the Defendant is found by a preponderance of the evidence to have violated a condition of supervised release by committing a felony offense listed under Chapter 109A (sexual abuse), 110 (sexual exploitation of children), or 117 (transport for illegal sexual activity), or Section 1201 (kidnaping) or 1591 (sex trafficking of children by force, fraud, or coercion) of Title 18, he may be sentenced up to a term of imprisonment of not less than five years up to life upon each revocation. For all other violations of supervised release, the Defendant may be incarcerated for an additional term of up to 2 years upon each revocation. There is a $100 special assessment. Restitution may be ordered.

Upon questioning the defendant personally in open court, it is the finding of the court that the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, and that his plea of guilty to the Indictment is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. The defendant's guilty plea to the Indictment is accepted. It is my report and recommendation that the defendant be adjudged guilty of that offense.

DATED this 12th day of July, 2024.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge