UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>vs.<br><br>GRAHAM BRODY GOOD SHIELD,<br><br>　　　　Defendant. | 5:24-CR-50062-01-KES<br><br>ORDER REJECTING REPORT & RECOMMENDATION |

On July 12, 2024, defendant, Graham Good Shield, appeared before Magistrate Judge Daneta Wollmann for a change of plea hearing. Magistrate Judge Wollmann issued a report recommending the court accept defendant's plea of guilty to the Indictment. The Indictment charges Good Shield with Failure to Register as a Sex Offender, in violation of 18 U.S.C. § 2250(a). Both parties waived any objection to the report and recommendation.

After de novo review, the court must reject the Report for two reasons.

First, the factual basis statement is insufficient to establish an independent factual basis for the plea—namely, that Good Shield had the requisite knowledge under 18 U.S.C. § 2250(a). As relevant here, to establish guilt under § 2250(a), the Government must prove that the defendant "knowingly fail[ed] to register or update a registration as required by the Sex Offender Registration and Notification Act." 18 U.S.C. § 2250(a). The Eighth Circuit discussed this knowledge requirement in *United States v. Voice*, 622 F.3d 870, 876 (8th Cir. 2010). In *Voice*, the defendant, Voice, was previously convicted of a sex offense and advised of his obligation to update his federal registration as a sex offender. *See id.* at 872-73.

Voice later moved to a different address but did not update his new address. *See id.* at 873. The Government charged Voice with § 2250(a), and a jury ultimately convicted him of such crime. *See id.* at 874. On appeal, Voice argued there was insufficient evidence to prove that he knowingly failed to register because he was not informed that his new stay in the new address would be considered a change of residence. *See id.* at 875-76.

The Eighth Circuit rejected this argument, holding that § 2250(a) did not require Voice to specifically intend to violate the law. *See id.* at 876. In doing so, the Eighth Circuit approved the following instruction:

> "Knowledge" is an element of the offense charged in this case and must be proved beyond a reasonable doubt. The prosecution is not required to prove that the defendant knew that his acts or omissions were unlawful. An act is done "knowingly" if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

*Id.* In finding the evidence was sufficient to support Voice's knowledge, the Eighth Circuit observed "there was uncontroverted evidence that Voice knew of his obligation to register upon changing his residence but did not do so[.]" *See id.* The court also seperately held there was no evidence that his failure to register "was the result of 'ignorance, mistake, or accident.' " *Id.* Thus, *Voice* held the jury reasonably found a knowing violation. *Id.*

Under *Voice,* § 2250(a)'s knowledge element requires knowledge of two separate items. The first item is that the defendant knows he failed to register or update registration. *See Voice,* 622 F.3d at 876. The government may fail to prove the defendant knew he failed to register if the evidence shows the defendant was

2

ignorant, mistaken, or made an accident. *See id.* For example, a defendant would not be guilty if he mistakenly thought he registered or updated his registration but in reality did not. Here, the factual basis statement sufficiently demonstrates that Good Shield knowingly failed to register or update his registration with a correct address because the statement states that Good Shield falsely registered his address to one address when he did not live there, and knew that he did not register his actual address. *See* Docket 16.

But this piece of knowledge is insufficient. *Voice* also requires the defendant know a second item: that the defendant know that he is *required* to register and update his registration. *See Voice*, 622 F.3d at 876. The Eighth Circuit explicitly stated that "there was uncontroverted evidence that Voice *knew of his obligation to register upon changing his residence but did not do so*[.]" *Id.* (emphasis added). And this knowledge of the obligation to register (or update) is separate from the defendant's knowledge he failed to register because a defendant could knowingly fail to register but not realize that such registration was required. If having knowledge of one without the other was sufficient to meet the knowledge requirement under § 2250(a), the court in *Voice* would not have needed to explain that Voice both knew of his obligation to register and also knew that he failed to register. But *Voice* did so explain. In fact, *Voice* separated its observation that "there was uncontroverted evidence that Voice knew of his obligation to register upon changing his residence but did not do so[,]" with its observation that "there was no evidence his failure to do so was the result 'ignorance, mistake, or

3

accident' " with the word "and." This separation and use of the word "and" confirm these separate knowledge requirements. *See id.*

The Eighth Circuit's Model Jury Instructions interpret *Voice* this same way. They provide:

> The prosecution must prove beyond a reasonable doubt that the defendant "knowingly" failed to register or keep his registration current. An act is done 'knowingly' if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly. The prosecution does not have to prove that the defendant knew that [he][she] was violating federal law by failing to register or to update [his][her] registration. It is sufficient for the prosecution to prove that the defendant *knew of [his][her] obligation to register as a sex offender anywhere that [he][she] resided, or whenever [he][she] changed [his][her] residence,* as a result of a prior conviction for a sex offense *and knowingly failed to do so.*

Model Crim. Jury Instr. 8th Cir. 6.18.2250 (2024) (emphasis added). Similar to the above discussion, these model jury instructions make clear that the defendant must 1) know of his obligation to register and update his registration *and* 2) that he knows he failed to register. By using the word "and" to separate these two requirements and by explicitly stating both of them, the Model Jury Instructions plainly require a defendant know both of these pieces of information because if only one piece of knowledge was required, the instructions would be redundant.

Here, the factual basis statement is insufficient to show that Good Shield knew of his obligation to register or update his registration. *See* Docket 16. True, the factual basis statement makes clear that Good Shield currently now "know[s] that [he] is required to register as a sex offender for life." *Id.* But Good Shield's current knowledge is immaterial to whether he knew *at the time of the alleged violation* that he had an obligation to register and update his registration. Without

facts to show that he knew of his obligation to register and update his registration, there is an insufficient factual basis statement to determine whether Good Shield's conduct violates § 2250(a). Thus, the court must reject the recommendation of accepting Good Shield's plea at this time.

In addition to there being an insufficient factual basis, Good Shield was improperly advised of his possible penalties with respect to a potential revocation of supervised release. During the change of plea hearing, Good Shield was advised that if a court finds by a preponderance of the evidence that he violated his conditions of supervised release by committing one of the enumerated offenses under § 3583(k)—namely Chapter 109A (sexual abuse), chapter 110 (sexual exploitation and other abuse of children), chapter 117 (transportation for illegal sexual activity and related crimes), section 1201 (kidnapping), or section 1591 (sex trafficking of children by force, fraud or coercion)—the court "is required to impose at least five years up to life" of imprisonment. While this advisement accurately states what § 3583(k) provides, it does not account for the Supreme Court's decision in *United States v. Haymond*, 139 S.Ct. 2369 (2019).

In *Haymond*, a four-Justice plurality held that as applied to the specific defendant in the case, Haymond, § 3583(k)'s five-year mandatory minimum sentence for revocation of supervised release was unconstitutional because a judge using a preponderance of the evidence standard—rather than a jury using a beyond a reasonable doubt standard—found the defendant violated one of the above enumerated sex offenses. *See* 139 S.Ct. at 2378-79, 84-85

(plurality). A fifth concurring Justice agreed with the outcome, finding that § 3583(k) was unconstitutional. *Id.* at 2385-86 (Breyer, J., concurring).

In *Haymond*, a jury found Haymond guilty of possessing child pornography. *See id.* at 2373 (plurality). This offense carried with it no mandatory minimum term of imprisonment and a maximum prison sentence of ten years. *See id.* at 2373, 78. The conviction also allowed for a period of supervised release between 5 years and life. *Id.* at 2373. The district court sentence Haymond to 38 months of imprisonment, followed by 10 years of supervised release. *Id.* Haymond completed his prison sentence, but then the government sought to revoke Haymond's supervised release and send him back to prison based on Haymond's possession of child pornography. *Id.* at 2374. The district court, acting without a jury, found by a preponderance of the evidence that Haymond did in fact possess images of child pornography. *Id.* Applying the mandatory minimum five-year sentence for revocation of supervised release due to possession of child pornography (one of the above enumerated offenses), the district court sentenced Haymond to five-years of imprisonment. *Id.* at 2375. Haymond appealed, in part arguing that his five-year mandatory minimum sentence violated his right to a jury. *See id.* The Tenth Circuit agreed with Haymond, finding that it was unconstitutional for a defendant to face a new mandatory minimum (five years) and maximum (life) sentence based on a non-jury finding on a § 3583(k) revocation, when the defendant's original underlying offense did not subject the defendant to a

6

mandatory minimum sentence and authorized only a ten-year maximum sentence. *See id.* As a remedy, the Tenth Circuit held that the mandatory five-year minimum prison term under § 3583(k) was "unconstitutional and unenforceable." *Id.*

The Supreme Court largely echoed the Tenth Circuit's ruling holding that based on its precedent under *Alleyne v. United States*, 570 U.S. 99 (2013), the five-year mandatory minimum sentence under § 3583(k), as applied to Haymond, was unconstitutional. The specific problem in Haymond's case, according to the Supreme Court, was that his underlying conviction, possession of child pornography, authorized a possible imprisonment term of zero to ten years. *Id.* at 2378. Yet, based on § 3583(k), Haymond faced a mandatory minimum five-year term and a maximum of life, all as a result of a judge finding by a preponderance of the evidence—rather than a jury finding beyond a reasonable doubt—the necessary factual findings to trigger the new possible punishment. *See id.* Because Haymond's new mandatory minimum five-year sentence exceeded the minimum sentence authorized in his original conviction, and because such shift occurred without a jury finding such facts beyond a reasonable doubt, the Supreme Court held § 3583(k) unconstitutional as applied to Haymond. *Id.* at 2384-85.

After *Haymond*, there are two groups of offenses. The first group of offenses are those that appear unaffected at all by *Haymond.* Those offenses are ones in which the defendant faced a mandatory minimum sentence of at

7

least five years, and a maximum possible sentence of life for the underlying offense. In those instances, the five-year mandatory minimum and maximum life sentence under § 3583(k) would *not* increase the possible mandatory minimum or maximum sentence that a jury's original factual findings for the underlying conviction previously authorized. *See Haymond*, 139 S.Ct. at 2378-79. In this first group of offenses, defendants must be advised of this mandatory minimum five-year and possible maximum life sentence under § 3583(k).

The second group of offenses—those in which the underlying conviction's minimum or maximum sentence is less than § 3583(k)'s five-year minimum or maximum life sentences (respectively)—is affected by *Haymond*, but the exact implications remain somewhat unclear. It appears to be clear that in this group of offenses, a judge may not impose a mandatory minimum five-year sentence after finding by a preponderance of the evidence that the defendant committed the above enumerated offenses under § 3583(k). But the Supreme Court declined to address whether empaneling a jury may appropriately cure the constitutional defect in this scenario. *See Haymond*, 139 S.Ct. at 2385. As such, in this group of offenses, the court finds that the defendant should be advised that he faces a *possible* five-year mandatory minimum and maximum of life imprisonment sentence if he commits an enumerated offense under § 3583(k).

Here, Good Shield was advised that in the event a court found by a preponderance of the evidence that he violated one of the above-enumerated offenses, the court would be required to impose a mandatory minimum sentence of incarceration of five years, up to life. But Good Shield's underlying offense—Failure to Register as a Sex Offender in violation of 18 U.S.C. § 2250(a)—does not contain a five year mandatory minimum sentence, and only authorizes a maximum sentence of up to ten years. *See* 18 U.S.C. § 2250(a). Thus, in the event of a revocation based on a violation of an above enumerated offenses, the court could not sentence Good Shield to a mandatory minimum period of five years up to life if the court is the one to make factual findings using the preponderance of the evidence standard. *See* 139 S.Ct. at 2384-85. As discussed above, however, this mandatory five-year period up to life might be constitutional if a jury makes the factual findings beyond a reasonable doubt. Thus, at the new change of plea hearing, Good Shield should be advised that he faces a *possible* mandatory minimum of five years, up to life, in the event that he commits one of the enumerated offenses in § 3583(k).

For these two reasons, it is

ORDERED that the report and recommendation (Docket 21) is rejected. This matter is referred to Magistrate Judge Wollman to determine whether there is an independent factual basis supporting Good Shield's plea to § 2250(a)—specifically whether Good Shield had the requisite two pieces of knowledge at the time of the alleged offense. Magistrate Judge Wollmann should also advise Good Shield

9

that it is possible that Goodshield could face a mandatory minimum sentence of five years, up to life, for a revocation of supervised release for a new felony violation of Chapter 109A (sexual abuse), chapter 110 (sexual exploitation and other abuse of children), chapter 117 (transportation for illegal sexual activity and related crimes), section 1201 (kidnapping), or section 1591 (sex trafficking of children by force, fraud or coercion).

Dated July 12, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE